IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TONYA PEREZ, | ) |
| | ) Case No. 6:23-cv-391 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PREMIER TAX AND | ) |
| FINANCE, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, TONYA PEREZ, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, PREMIER TAX AND FINANCE, INC., Plaintiff states as follows:

**I.   PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

**II.   JURISDICTION & VENUE**

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TONYA PEREZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Orlando, County of Orange, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. PREMIER TAX AND FINANCE, INC., (hereinafter, "Defendant") is a business entity that provides tax advice and services. Defendant's principal place of business is located in the State of California. Defendant is incorporated in the State of California.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. On or about March 4, 2022 Plaintiff applied to Defendant for a position of employment.

9. Plaintiff was hired to begin work and did begin working for Defendant on March 8, 2022.

10. As part of its employment application process, Defendant requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

11. On or about March 21, 2022, in conducting a background check of Plaintiff, Defendant obtained a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff.

12. Said consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for the position applied for, and to assist in determining whether to keep Plaintiff in her position of employment.

13. After receiving and reviewing the consumer report obtained regarding Plaintiff, Defendant intended to terminate Plaintiff's employment based in whole or in part on the aforesaid consumer report.

14. On or about March 21, 2022, Defendant made a determination to terminate Plaintiff.

15. At no time after making the determination to terminate Plaintiff did Defendant provide any oral, written, or electronic notice to Plaintiff of the name, address and telephone number of the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

16. At no time after making the determination to terminate Plaintiff did Defendant provide Plaintiff oral, written, or electronic notice of the Plaintiff's right to obtain a free copy of the report on Plaintiff from the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

17. Prior to taking any action against Plaintiff to terminate Plaintiff's employment, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

18. Prior to taking any action to terminate Plaintiff's employment, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

19. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

20. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and an injury to her reputation, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare her good name and obtain meaningful employment. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21. Plaintiff does not have any criminal record, has had no convictions or arrests. As such, Plaintiff is at a complete loss to know what appeared on what background report that cost her employment.

22. In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

a. Failed to provide the Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

b. Failed to provide the Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act in violation of 15 U.S.C. §1681b(b)(3)(A)(ii);

c. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## V.   JURY DEMAND

23. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONYA PEREZ, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TONYA PEREZ**

By:   s/ David M. Marco
Attorney for Plaintiff

Dated: March 3, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
Telephone:     (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com